## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

**United States of America,**
 *Plaintiff*     §
        §
**v.**        §   **No. 1:25-cr-00468-ADA-ML**
        §
**Scott Joseph Kopas,**   §
 *Defendant*     §

## <u>ORDER</u>

Before the Court are Defendant's Motion to Reopen Detention Hearing, filed March 18, 2026 (Dkt. 37), and the United States' Response in Opposition, filed March 19, 2026 (Dkt. 38).

Defendant Scott Joseph Kopas is charged with three counts of violating 18 U.S.C. §§ 2251(a) and (e), Sexual Exploitation of Children / Production of Child Pornography, and one count of violating 18 U.S.C. § 2252A(a)(5)(B) & (b)(2), Possession of Child Pornography (Enhanced). Dkt. 3. He was arrested on October 8, 2025, and this Magistrate Judge ordered him detained pending trial after a hearing on October 15, 2025. Dkt. 26. Trial is set for July 13, 2026.

Under 18 U.S.C. § 3142(f)(2)(B), a detention hearing may be reopened

> at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

Defendant moves to reopen his detention hearing because "a more appropriate residence has become available" to him. Dkt. 37 at 1. He states that this residence "was unavailable at the time of the prior hearing because it was occupied," *id.* at 9, but does not contend that this residence constitutes information "that was not known to the movant at the time of the hearing." § 3142(f)(2)(B).

Having carefully considered the motion, the Court finds that Mr. Kopas has not satisfied the standard to reopen his detention hearing. First, as the Government argues, the existence and status of the residence "is not new evidence because it was known by Defendant and raised at the time of the detention hearing." Dkt. 38 at 5. *See, e.g.*, Dkt. 16 at 5.

Second, the Court finds that the availability of this residence has no material bearing on whether there are conditions of release that will reasonably assure the safety of any other person and the community. Mr. Kopas appears to misconstrue the Order of Detention as relying solely on the presumption of detention arising from his charges, arguing that "the Court determined that the defendant did not rebut the presumption 'because there is probable cause to believe he committed an offense involving a minor victim under 18 U.S.C. Section 2251.'" The Order actually states: "Defendant has not rebutted the presumption of detention *that arises* because there is probable cause to believe he committed an offense involving a minor victim under 18 U.S.C. Section 2251." Dkt. 26 at 3 (emphasis added). In light of the specific allegations in this case, the Court reiterates that Mr. Kopas has not rebutted the presumption of detention raised by the charges.

Even assuming Mr. Kopas did present evidence sufficient to rebut the presumption, the Court did not order his detention based on the presumption alone. The Court considered all available information relevant to the factors set forth in § 3142(g) and found there to be no condition or combination of conditions that will reasonably assure the safety of the community. Dkt. 26 at 3. The indictment alleges that Mr. Kopas placed hidden video cameras in a bedroom and bathrooms in his home used by one of his stepdaughters. Dkt. 3. During the 1½-hour detention hearing, the Government presented evidence that what appeared to be images from surreptitiously recorded videos of his young stepdaughters and his girlfriend's daughter were found on his computer hard drives. Dkt. 38 at 3.

At the end of the detention hearing, the Court stated on the record that the nature and circumstances of the alleged offense and the weight of the evidence against Mr. Kopas weigh heavily in favor of detention. The Court also found that the fourth factor under § 3142(g), the nature and seriousness of the danger to others or the community, strongly favors detention. The Court concluded:

> Specifically, given the evidence that's been presented today, we have someone who's very sophisticated with technology and has access to multiple homes, an Airbnb, where he can continue to make surreptitious alleged videos and create child pornography with them, and that presents a serious danger.

Likewise, in the Detention Order, the Court found: "Defendant would retain that technological means and opportunity to commit offenses similar to those charged notwithstanding all conditions of release proposed." *Id.* These findings are unaffected by the availability of another residence for Mr. Kopas.

For these reasons, **IT IS ORDERED** that Defendant's Motion to Reopen Detention Hearing (Dkt. 37) is **DENIED**.

**SIGNED** on April 10, 2026.

_____

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

3