**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **United States of America,** *Plaintiff* | § § § | **Case No. 1:25-cr-00468-DC** |
| **v.** | § § | |
| **Scott Joseph Kopas,** *Defendant* | § § | |

**Order on Jury Selection**

By referral of the Honorable David Counts and consent of the parties (Dkt. 68), jury selection will proceed before this Magistrate Judge in **Courtroom 1** on the first floor of the United States Courthouse, 501 West Fifth Street, Austin, Texas 78701, at **8:45 a.m. Friday, August 7, 2026**.

**Jury Selection Plan**

## I. Welcome

A. Venire seated

B. Explanation of purpose of voir dire examination

C. Initial instructions

## II. General questions, including questions requested by parties (with follow-up as needed)

A. Anticipated trial length (5 days): Undue hardship/special problem?

B. Counsel, Defendant, and witness introductions, <u>with counsel reading their witness lists</u>: Do you or any immediate family member know any of them? Have you been employed by, heard or read anything, or formed an opinion about them?

C. Do you have any knowledge of other panel members or the courthouse judges and staff?

D. Do you have any legal training, education, or work experience?

E. Have you ever testified before a grand jury?

F. Would any of you tend to disbelieve the testimony of a witness merely because that witness is a law enforcement officer or a person who is assisting law enforcement officers?

G. Have you or any member of your immediate family ever:

1. filed a claim against the federal government or a state or local government, or

2. had a legal dispute with the federal government or a state or local government?

H. You may hear testimony about the technical examination of computers and data storage devices and the digital evidence found in them.

1. Does everyone feel you have at least a working familiarity with computers, smart phones, and digital photos and videos that you would be comfortable considering testimony about computers and digital evidence? Is there anyone who does not feel familiar or comfortable with digital devices and evidence?

2. Is there anyone who, based on their training or experience, feels that you have significantly more expertise with computers and digital devices than the average person?

3. If presented, are you willing to consider and rely on the testimony of a computer examination witness in determining the facts of this case, regardless of how familiar or experienced you are with computers and digital evidence?

I. Instructions and questioning on presumption of innocence, burden of proof, right to remain silent, and jurors' duty to follow the law

## III. Specific questions, including questions requested by parties (with follow-up needed)

A. Explanation of an indictment and <u>reading of the indictment by the Government</u>

1. Will you be able to bear in mind that this indictment is not evidence of guilt?

2. Do you believe that because the Defendant was criminally charged in an indictment by a grand jury, he is guilty of a crime with which he is charged?

3. Do you understand the Defendant is on trial now for only the specific charges stated in the indictment and nothing else?

B. Do you know anything about this case?

C. "Child pornography" means any visual depiction of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct. A "minor" means a person under 18 years of age. It is a crime under federal law for a person to produce, attempt to produce, or possess child pornography. Do you agree that it should be a crime to produce or attempt to produce child pornography? And that it should be a crime to possess child pornography?

D. The evidence in this case may include evidence that hidden cameras were placed in private rooms – bathrooms and a bedroom – and that the videos and photos from those areas recorded both adults and minors without their knowledge or consent. These videos and photos may depict people dressing/undressing or getting into/out of the shower, fully or partially nude. There also may be testimony from witnesses who were recorded by hidden camera and are shown in the recordings dressing, undressing, and fully or partially nude. These witnesses may identify themselves as the person in the recordings.

1. Does anyone believe that it is or could be appropriate to record a minor or an adult in a private room, like a bedroom or a bathroom, using a hidden camera, without their knowledge or consent?

2. Does anyone believe that it is not appropriate to record a minor or an adult in a private room, like a bedroom or a bathroom, using a hidden camera, without their knowledge or consent?

E. As you can tell from the charges, the subject matter is unpleasant and uncomfortable for everyone, and the Constitution requires that Citizens make the determination as to these criminal charges. The evidence in this case may include "child sexual abuse material," that is, graphic images and videos depicting minors engaging in "sexually explicit conduct." It is not unusual for trials to involve unpleasant things or disturbing evidence. That said, would anyone be so uncomfortable by being exposed to such material that you just don't believe you could do it?

F. The testimony of witnesses, arguments of counsel, judge's instructions on the law, and the jury's deliberations may include frank, explicit, and graphic discussions of sexual matters and sexual acts.

1. Is there anyone who strongly believes that you could not sit as a juror simply because this trial may involve testimony, evidence, argument, or discussions among fellow jurors that may be sexually graphic or potentially awkward or unpleasant?

2. In other words, is there anything about the prospect of sexually graphic or unpleasant aspects to this trial that you strongly believe may prevent you from carrying out your duties as a juror, if selected?

G. Has anyone here, or a member of your family or a close friend of yours, ever:

1. been a victim of any form of sexual abuse, whether as a child or adult?

2. been the victim of a child pornography offense?

3. reported any sexual misconduct committed against another person, adult or child?

4. been accused of anything relating to illegal or inappropriate sexual behavior, conduct, or activities, including unlawful sexual contact with an adult or child; child molestation; or making, possessing, or distributing illegal or inappropriate sexual photos or videos of children?

H. Have you ever personally known anyone who was falsely accused of any illegal or inappropriate sexual behavior or activities?

I. Do you personally know, live with, live in the vicinity of, or work with a registered sex offender?

J. Have you ever been the victim of any other crime?

K. Have you ever been accused or falsely accused of any other crime?

- If the answer is "yes" to any question G through K: What was your involvement or connection, if any? Was the case reported? Did it go to trial? Was there anything about the experience that makes you unable to sit fairly and impartially as a juror in this case?

**IV. Questions from the Government (15 minutes)**

**V. Questions from the Defendant's Counsel (15 minutes)**

**VI. Final Questions by the Court, including any matter for the Court's attention**

**VII. Recess**

A. Jurors are excused

B. Attorneys may exercise challenges for cause and peremptory challenges pursuant to Rules 24(b)(2) and (c)(4)(A): 7 for the Government, 11 for the Defendant

C. Twelve jurors and two alternates are selected

**VIII. Jurors Return to Courtroom**

A. Stricken jurors are excused

B. Fifth Circuit Pattern Jury Instructions (Criminal) Preliminary Instructions are provided

**SIGNED** on August 5, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE